IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

STEPHEN D.A. WILSON,
    Plaintiff,

v.                                                                                               Civil No. 3:24cv674 (DJN)

DEPUTY CARLSON, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

By Memorandum Order entered on December 11, 2024, the Court directed Plaintiff, who at the time was incarcerated, to submit an initial partial filing fee of **$11.75** or state under penalty of perjury that he does not have sufficient assets to pay such a fee within thirty (30) days of the date of entry thereof. *See* 28 U.S.C. § 1915(b)(1). On December 16, 2024, Plaintiff indicated that his address would change after January 3, 2025, when he would be released from incarceration. (ECF No. 7, at 1.) Plaintiff also claimed that mail could be sent to his "newly retained attorney (Andre Leuchetti)." (ECF No. 8, at 1.) By Memorandum Order entered on January 29, 2025, the Court explained as follows:

> Plaintiff is proceeding *pro se* in this case. No attorney has entered an appearance on his behalf, and the Court will only mail correspondence and orders to Plaintiff at his address of record.
>
> Plaintiff has not complied with the December 11, 2024 Memorandum Order. Nevertheless, because it appears that Plaintiff is no longer incarcerated, the Clerk is DIRECTED to send Plaintiff a **non-prisoner *in forma pauperis* affidavit**. Plaintiff must complete and return the *in forma pauperis* affidavit to the Court within twenty (20) days of the date of entry hereof. Failure to complete the affidavit **in its entirety will result in summary dismissal of the action.** *See* Fed. R. Civ. P. 41(b).
>
> Plaintiff need not comply with the above if he submits the full $350.00 filing fee, a $55.00 administrative fee, **and** withdraws his request to proceed *in forma pauperis* within twenty (20) days of the date of entry hereof. Failure to comply

strictly with any of the above time requirements will result in summary dismissal of the action. *See* Fed. R. Civ. P. 41(b).

(ECF No. 9, at 1–2.) More than twenty (20) days have elapsed, and Plaintiff has not responded. Plaintiff's disregard of the Court's directives warrants dismissal of the action. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Final Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: February 25, 2025